JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00441-DOC-JDE                              Date: March 16, 2023

Title: MICHAEL FREEMAN V. RITZ CARLTON HOTEL COMPANY, LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER SUA SPONTE REMANDING CASE**

On March 10, 2023, Defendant Ritz-Carlton Hotel Company, LLC. ("Defendant" or "RCHC") removed his action from the Superior Court of the State of California for the County of Orange pursuant to 28 U.S.C. §§ 1332 on the grounds that (1) there is complete diversity of citizenship between Plaintiff Michael Freeman ("Plaintiff" or "Freeman") and Defendant, and (2) that the amount in controversy exceeds the jurisdictional minimum of $75,000 ("Notice of Removal") (Dkt. 1). *See* Notice of Removal (Dkt. 1).

Because the Court finds that amount in controversy does not meet the jurisdictional minimum, the Court SUA SPONTE REMANDS this case back to Orange County Superior Court.

**I.    Background**

This action arises from Defendant's alleged discrimination and wrongful termination of Plaintiff during Plaintiff's approximate year-long employment with Defendant. *See generally* Complaint, *Freeman v. Ritz-Carlton Hotel Company, LLC.*, *et al.*, No. 30-2023-0305162--CU-OE-NJC (Cal. Sup. Ct. filed Jan. 30, 2023) ("State Court Complaint") (Dkt. 1-2). Plaintiff alleges that he was employed by Defendant for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00441-DOC-JDE                                          Date: March 16, 2023

Page 2

approximately one year between March 2021 to March 2022. *Id.* ¶¶ 2, 5, 7. According to Plaintiff, he earned an hourly wage of $15.00 and was a full-time, non-exempt employee and worked approximately 40 hours a week. *Id.* ¶¶ 5, 23, 24, 36.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00441-DOC-JDE                                      Date: March 16, 2023

Page 3

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. Discussion

Defendant asserts that the damages in this action exceed $75,000 based on lost wages, punitive damages, and attorney's fees and costs. *See* Notice of Removal, 6–9. In support of its removal, Defendants calculate that based on Plaintiff's hourly rate, his lost income to date is $31,200. *Id.* Defendants further speculate that, if the case goes to trial in March 2024, Plaintiff would likely seek an additional $31,200.00 in lost income. *Id.* Thus, Defendants assert that a reasonable estimate for Plaintiff's lost wages is $62,400. Defendants also argue that, based on Plaintiff's claims, Plaintiff seeks approximately $3,900 in unpaid rest period premiums and approximately $780 in missed meal period premiums.

The Court considers lost wages in the period from termination until removal to federal court. Here, Plaintiff was terminated in March 2022 and the case was removed in March 2023. *See* Notice of Removal. Accordingly, calculating Plaintiff's lost wages from the date of termination (March 2022) until the present (March 2023), the amount totals to approximately $31,200. Even taking into account the premiums and front pay Defendant asserts, the amount does not exceed $68,000. The Court finds that Defendants' calculations arrive at the jurisdictional minimum only if they apply overly speculative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00441-DOC-JDE				Date: March 16, 2023

Page 4

assumptions regarding the length of litigation, punitive damages, and attorneys' fees. With $31,200 as a starting point, Defendants do not meet the minimum amount in controversy, as future lost wages and punitive damages are speculative. *See Cornelious v. Manpower US Inc*., No. 2:22-CV-02529-RGK-SK, 2022 WL 2964379, at *1–2 (C.D. Cal. May 18, 2022).

Defendants also argue that Plaintiff's request for attorneys' fees puts this case over the jurisdictional minimum. "District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so." *Id.* (citing *MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012)). *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court agrees with those holdings and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy. *Cornelious*, 2022 WL 2964379, at *1–2.

As such, Defendant has not shown by a preponderance of the evidence that Plaintiff's damages exceed $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00441-DOC-JDE
Date: March 16, 2023

Page 5

Here, while the Court finds that removal was improper, the Court concludes that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiff attorneys' fees.

I. **Disposition**

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk: kdu

CIVIL-GEN